# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARPARTAP SINGH,<br><br>         Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>         Respondents. | Case No. 1:25-cv-02038-JLT-SAB-HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 9)<br><br>ORDER APPOINTING COUNSEL FOR PETITIONER<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS<br><br>ORDER DIRECTING PARTIES TO FILE JOINT STATEMENT |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner has moved for appointment of counsel. (ECF No. 9.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims

1

pro se in light of the complexity of the legal issues involved." <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner contends that counsel should be appointed because he "has a strong chance of success on the merits" "the complexity of the law on immigration detention," and his "status as a detained immigrant," which makes presenting his case without the assistance of counsel difficult. (ECF No. 9 at 2.)  Upon review of Respondents' response, the Court finds that the legal issues are more complex than they previously appeared and that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to appoint counsel (ECF No. 9) is GRANTED;

2. Counsel is APPOINTED for Petitioner;

3. The Clerk of the Court shall serve a copy of this order, the petition, and the response, via email, on the Federal Defender's Office at cae_appointments_habeas@fd.org;

4. Within seven (7) days of the date of service of this order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL identify counsel and send counsel's contact information to undersigned's courtroom deputy, and counsel will be added as counsel for Petitioner;

5. Such appointment, as necessary, will be *pro hac vice* to the CJA Panel and to this District in this matter only;

6. This appointment will be *nunc pro tunc* to the Federal Defender contacting counsel about this appointment on a date given to the courtroom deputy; and

7. Within fourteen (14) days of the date of service of this order, the parties shall file a joint statement regarding case management and a proposed briefing schedule.

IT IS SO ORDERED.

Dated:   **March 18, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2