# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARPARTAP SINGH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:25-cv-02038-JLT-SAB-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND<br><br>(ECF No. 13)<br><br>ORDER DIRECTING PETITIONER TO FILE ECF Nos. 13-1 AND 13-2 AS FIRST AMENDED PETITION<br><br>ORDER SETTING BRIEFING SCHEDULE |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 29, 2025, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1.) On March 6, 2026, Respondents filed a response to the petition. (ECF No. 8.) On March 19, 2026, the Court granted Petitioner's motion to appoint counsel. (ECF No. 10.)

On March 29, 2026, Petitioner filed a motion to amend the petition. (ECF No. 13.) On April 6, 2026, Respondents filed a response, stating that they "do not object to Petitioner's request for leave to amend the Habeas Corpus petition previously filed in this case" and "further rest on their previously filed response to Petitioner's original petition and reincorporate the arguments contained therein." (ECF No. 15.)

1

"The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" Mayle v. Felix, 545 U.S. 644, 655 (2005). Rule 15(a)(2) allows pleading amendments with "leave of court" at any time during a proceeding. Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "In assessing whether leave to amend is proper, courts consider 'the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.'" Kroessler v. CVS Health Corp., 977 F.3d 803, 814–15 (9th Cir. 2020) (quoting Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Here, Petitioner asserts that "amendment will sharpen the issues, eliminate mismatch between the original pro se theory and the government's stated detention posture, and permit adjudication on the merits of the operative legal question." (ECF No. 13 at 2.) The Court finds that there is no undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies by previous amendments, undue prejudice to Respondents, or futility of the proposed amendment. Accordingly, leave to amend is warranted.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters[.]" Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "Under our caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015). A

"magistrate judge's decision to *grant* a motion to amend is not generally dispositive[.]" <u>Bastidas</u> <u>v. Chappell</u>, 791 F.3d 1155, 1164 (9th Cir. 2015). Here, granting Petitioner's motion to amend does not dispose of a claim or defense or preclude the ultimate relief sought.

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's motion to amend (ECF No. 13) is GRANTED.

2. Within **SEVEN (7) days** of the date of service of this order Petitioner is DIRECTED to file ECF Nos. 13-1 and 13-2 as the First Amended Petition.

3. Within **FOURTEEN (14) days** of the date of service of this order, Petitioner MAY FILE a reply to Respondents' response.

IT IS SO ORDERED.

Dated:   **April 7, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3